21221

Patsy C. STANALAND, Appellant, v. Robert G. JAMISON, Respondent

(268 S. E. (2d) 578)

*Ian L. Warner,* Sumter, *for appellant.*

*David W. Keller, Jr., of McGowan, Nettles, Keller & Eaton,* Florence, *for respondent.*

May 7, 1980.

LITTLEJOHN, Justice:

The appellant, Patsy C. Stanaland (wife), and the respondent, Robert G. Jamison (husband), were formerly married. Incident to their separation they entered into a property settlement agreement dated Sepember 1, 1976. That settlement agreement has been incorporated into an order of the Family Court of Florence County and has become, in addition to a contract, the court's directive. The contract was entered into after much negotiation, with each of the parties being represented by counsel.

Included in the contract are two provisions, which were construed by the trial court and are now before us by reason of exceptions taken by the wife. They are as follows:

"(b) The husband shall pay the sum of $500.00 per month beginning September 1, 1976 for the support and education of *each child* until *such child* shall die, marry, or become emancipated, whichever event first occurs, provided, that in addition to this sum, the husband agrees to pay the annual tuition for *each child as he or she* becomes of school age at a private primary or secondary education institution equivalent to James F. Byrnes Academy, Florence, South Carolina, provided further, that the husband shall pay all reasonable medical expenses incurred by *each child;*

(c) The husband shall provide college tuition and ordinary expenses for *each child* at a college or university selected by *such child* with the advice and consent of the husband and wife which obligation on the part of the husband shall be limited to the amount then paid at a state-supported college or university, provided, that should *either child* not desire to attend such institution or should become married or otherwise emancipated prior to or during such post-secondary education tenure, then and in that event, the husband's obligation for college expenses would cease and desist, provided further, that the husband's obligation to provide the

college expenses set forth herein shall remain in effect only so long as *each child* is enrolled as a full-time student and is making average or better progress in the areas of his studies and passing from one year to the next." (Emphasis added.)

It is the contention of the husband that paragraph (b) of the contract requires him to pay a total of only $500.00 per month support for the two children and that such support is adequate. It is the contention of the wife that according to this contract the husband should pay $1,000.00 per monh for the support of the two children.

Without holding that the terms of the contract were ambiguous, the trial judge found that the contract required the husband to pay to the wife for the support and education of the two children the sum of Five Hundred Dollars per month and not One Thousand Dollars per month. It was the opinion of the trial judge that such amount ". . . is fair, equitable and just."

. The order continued by ruling:

"Even if the Agreement could be construed as requiring a total payment of One Thousand ($1,000.00) Dollars for the two (2) children (with which interpretation I disagree), in the opinion of the Court the Petitioner by and through her actions has acquiesced in a modification of this Agreement for a period in excess of two years and such acquiescense has not in any way been detrimental to the minor children. There is no evidence that they have not been adequately provided for, financially or otherwise."

The wife has appealed, taking the position in essence that the contract is not ambiguous and that the husband is bound by its terms. We agree.

We think the trial judge erred in undertaking to interpret the provisions of a contract which were not ambiguous. Its terms are clear, and if the parties did not intend to be bound by that which they included in the

contract, they should have said so. Oftentimes it becomes the duty of the court to construe a contract which is subject to more than one interpretation, but when the terms of a contract are clear, there is no room for interpretation and the parties must live with the agreement which was made. Such is the contract before us. It was error to consider oral testimony and exhibits in an effort to prove that the parties intended something other than that which was written into the agreement. In 17 Am. Jur. (2d) *Contracts* § 241, we find the rule, consistent with the holdings of this court, as follows:

"As a general proposition, where the terms of a writing are plain and unambiguous, there is no room for construction, since the only office of judicial construction is to remove doubt and uncertainty. It is fundamental that the principles of construction cannot be applied to vary the meaning of that which is otherwise clear and unambiguous, and, in this respect, it is to be noted that if the language of the contract is plain and unambiguous, the intention expressed and indicated thereby controls, rather than whatever may be claimed to have been the actual intention of the parties. . . .

It is commonly said that where the language of a contract is plain and unambiguous, its meaning should be determined without reference to extrinsic facts or aids. The intention of the parties must be gathered from that language, and from that language alone. Stated differently, where the language of a written contract is clear and unambiguous, the contract must, unless some good reason can be assigned to show that the words used should be understood in a different sense, be taken to mean that which, on its face, it purports to mean."

In *Dibble v. Dibble,* 248 S. C. 165, 149 S. E. (2d) 355, 364 (1966); this court said:

"It is axiomatic that when a contract is clear and unequivocal its meaning must be determined by its contents alone. . . ."

Assuming, without so deciding, that $1,000.00 per month for two children is not absolutely required for proper support, there can be no doubt that a parent can by contract assume an obligation to his children greater than the law otherwise imposes, and can bind himself to supply not only the necessities but some of the luxuries of life. This is especially true when such luxuries are not inconsistent with his standard of living and his ability to provide. The husband is a dentist, and the record indicates his ability to pay the larger amount.

In the North Carolina case of *Shaffner v. Shaffner*, 36 N. C. App. 586, 244 S. E. (2d) 444 (1978), the court dealt with a similar situation. The father had agreed to extend child support beyond minority. The court enforced the agreement, holding:

"Indeed, a parent can by contract assume an obligation to his child greater than the law otherwise imposes, and by contract bind himself to support his child after emancipation and past majority . . ."

The wife has not insisted upon full payment of the child support money since 1976. She submits that her failure to demand full payment was because of the husband's earnings, which have now admittedly increased considerably. The husband argues on this appeal that the wife has waived her right to demand the more abundant amount and should be estopped to claim more than the $500.00 per month she has been accepting. It is difficult to conceive of a case in which a wife may waive contractual rights, made a part of a court order, directed to the benefit of children. Assuming, without so deciding, that such a situation might conceivably arise, there is nothing in the case before us which warrants a holding that the children should be deprived of the support which the father agreed to pay and is obviously abundantly able to supply.

The wife further submits that the trial judge erred in failing to grant an increase in support for the children in the light of the husband's increased income, and submits that the trial judge erred in dealing with visitations. These involve matters of discretion. We find no abuse.

The wife lastly argues that the lower court should have assessed sanctions against the husband for failing to file a financial declaration as required by Rule 19 of the Rules of the Family Court. In the light of the husband's uncertain testimony concerning his finances, we agree that a filing of the declaration might have been helpful and should have been required, but, because of the ruling we have made above, we decline to pursue this exception further.

Reversed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.