0836

Tammy G. PHILLIPS, Appellant v. Claude F. PHILLIPS, Respondent.
(351 S. E. (2d) 178)

Court of Appeals

*Thomas C. Brissey,* of *Law Offices of Thomas C. Brissey,* Greenville, *for appellant.*

*Randolph W. Hunter,* of *Stilwell and Hunter,* Greenville, *for respondent.*

Heard Nov. 10, 1986.

Decided Dec. 15, 1986.

GOOLSBY, Judge:

In this action for a legal separation brought by Tammy G. Phillips against her husband Claude F. Phillips, the wife appeals the family court's division of the marital estate. We affirm as modified.

The parties were married in 1981. Two years later, the wife sustained personal injuries in an automobile accident. Thereafter, the wife and the husband executed a release and endorsed a settlement check made payable to them both.

In 1984, the parties filed joint state and federal income tax returns. The returns resulted in refund checks being issued in both parties' names after the parties separated in January, 1985. The refunds totalled $2,800. The wife received none of these refunds.

The family court held that part of the settlement proceeds represented settlement of the husband's loss of consortium claim but that, in any case, all the settlement proceeds constituted a marital asset subject to equitable division. It awarded the wife 40 percent of the marital estate. The family court neglected to mention the income tax refunds in identifying and dividing the marital property.

The wife first argues that there is insufficient evidence to support the family court's finding that a part of the settlement proceeds was paid in satisfaction of the husband's loss of consortium claim. We disagree.

Although the Court of Appeals in a case of this kind has jurisdiction to find the facts in accordance with its own view of the preponderance of the evidence, the Court of Appeals is not required to disregard the findings of fact made by the family court. *Cooper v. Cooper*, 289 S. C. 377, 346 S. E. (2d) 326 (Ct. App. 1986). Questions regarding equitable distribution rest within the sound discretion of the family court whose conclusion will not be disturbed on appeal absent a showing of abuse. *Bannen v. Bannen*, 286 S. C. 24, 331 S. E. (2d) 379 (Ct. App. 1985).

Here, the evidence, outlined above, supports the family court's finding that a part of the settlement proceeds was to compensate the husband for his loss of consortium arising out of his wife's accident. *Cf. Hughey v. Ausborn*, 249 S. C. 470, 154 S. E. (2d) 839, 25 A. L. R. (3d) 406 (1967) (a husband has a cause of action in South Carolina for loss of consortium resulting from personal injuries to his wife).

The wife next contends that the proceeds received by her in settlement of her personal injury claim were not marital property and that the family court erred in including these proceeds in the marital estate.

Because the evidence shows that the settlement proceeds were unallocated and were paid over to both parties after they each executed a release releasing their respective claims, we cannot say that the family court abused its discretion in finding that the funds at issue here constituted marital property. *See Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984) (wherein the family court was held not to have abused its discretion in awarding the wife an interest in bonds purchased by the husband from the net proceeds of funds paid in an unallocated settlement of the husband's personal injury claim and the wife's loss of consortium claim); *cf. Foreman v. Foreman*, 280 S. C. 461, 313 S. E. (2d) 312 (Ct. App. 1984) (wherein the evidence revealed the amounts paid in settlement of the husband's claim for loss of consortium and of the wife's claim for personal injuries resulting from the wife's automobile accident).

The wife also contends that the family court erred in not awarding her a portion of the income tax refunds. We agree.

An income tax refund is nothing more than a return of income. The returned income here is clearly marital property and the wife should have been awarded her equitable portion thereof. *See Abraham v. Abraham*, 342 S. E. (2d) 190 (W. Va. 1986) (wherein the West Virginia Supreme Court of Appeals affirmed the trial judge's order equally dividing a $12,000 tax refund). Accordingly, we modify the order appealed from and award the wife an additional $1,120, thus giving her a total award of $14,634.40. The additional sum awarded the wife represents 40 percent of the total amount received by the parties as income tax refunds on their 1984 income taxes.

Affirmed as modified.

BELL and CURETON, JJ., concur.