22716

Deborah Fisher ORSZULA, Respondent v. Bozydar Henry ORSZULA, Jr., Appellant.

(356 S. E. (2d) 114)

Supreme Court

*Joyce Lawton Brock* and *J. Gregory Hembree, Brock & Hitchcock*, Charleston, *for appellant.*

*Lawrence A. Laddaga,* Charleston, *for respondent.*

Heard Feb. 16, 1987.

Decided May 4, 1987.

*Per Curiam:*

In this divorce action, appellant (Husband) contends the family court erred in granting respondent (Wife) an equitable interest in a workers' compensation award. We disagree and affirm.

Husband and Wife were married in 1981 when they were both college students. Wife soon thereafter quit school and worked to help Husband complete his degree. The parties moved from Charleston to Memphis, Tennessee, in 1982 so that Husband could take a job as a technician in a community theater. Husband was injured through his employment and became temporarily totally disabled. He was bedridden and Wife helped nurse him back to health. The parties moved back to South Carolina and separated. Thereafter, Husband received a $16,000 check in settlement of his Tennessee workers' compensation claim.

The family court ruled the workers' compensation award was marital property subject to equitable distribution. It ordered this divided evenly between the parties.

Whether workers' compensation or personal injury awards are marital property is an issue of first impression in South Carolina. However, courts of other states have held such awards are subject to equitable distribution. In *Gan v. Gan,* 83 Ill. App. (3d) 265, 38 Ill. Dec. 882, 404 N. E. (2d) 306 (1980) the court reasoned:

> [T]he husband as a result of his personal injury was rendered unable to earn a living and thereby satisfy his obligations of support. Like the disability benefits he became entitled to receive, the settlement to some extent enabled him to provide for his family as he would presumably have done in accordance with the law had he been healthy and able to work and as he had in fact done before his injury.

38 Ill. Dec. at 885-86, 404 N. E. (2d) at 309-10. *See also Little v. Little,* 74 N. C. App. 12, 327 S. E. (2d) 283 (1985); *Hughes v.*

*Hughes,* 132 N. J. Super. 559, 334 A. (2d) 379 (1975).

Under S. C. Code Ann. § 20-7-420(2) (1976) the family court has jurisdiction to apportion the "property of the marriage." Wages clearly fall within this definition. We find no error in the distribution of a substitute for wages.

The family court's order was filed February 14, 1986, and is thus governed by § 20-7-420(2). On June 13, 1986, the General Assembly enacted legislation redefining marital property. *See* Act No. 522, 1986 S. C. Acts 3264. Marital property now includes "all real and personal property which has been acquired during the marriage." S. C. Code Ann. § 20-7-473 (Supp. 1986). Personal injury and workers' compensation awards fit none of the enumerated exceptions. Thus, under the new law our holding would be the same.

Husband's remaining exceptions are without merit, and we affirm pursuant to Supreme Court Rule 23. *See Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976) [Appellate Court has jurisdiction to find facts based on its own view of the preponderance of the evidence]; *Herring v. Herring,* 286 S. C. 447, 335 S. E. (2d) 366 (1985) and *Eagerton v. Eagerton,* 285 S. C. 279, 328 S. E. (2d) 912 (Ct. App. 1985) [factors to be applied in award of rehabilitative alimony]; *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977) [factors to be applied in award of attorney's fees].

Affirmed.

CHANDLER, J., not participating.