## 1667

John Harry MEARS, Respondent v. Mary B. Felkel MEARS, Appellant.
(406 S.E. (2d) 376)

Court of Appeals

*Thomas B. Bryant, III*, Orangeburg, *for appellant.*

*C. Bradley Hutto* and *Karen J. Williams,* Orangeburg, *for respondent.*

Heard April 17, 1991; Decided June 10, 1991.

Rehearing Denied July 24, 1991.

CURETON, Judge:

In its post-divorce property division order, the trial court held the husband's claim for wrongful discharge against a former employer was not marital property. The wife appeals. We reverse and remand.

The parties were married in 1965. The wife initially filed for a divorce in April, 1988, but that action was stricken from the docket pursuant to administrative order. Thereafter, the husband commenced the present divorce action on December 20, 1988, and the court granted the husband a divorce on February 10, 1989. The decree reserved all equitable distribution issues for later hearing and determination.

The husband worked for nearly five years for an entity referred to in the record as "Company." The company fired him in August, 1985, and the circumstances of his firing gave rise to a cause of action against the company. The record reflects the parties were not aware of the cause of action at the time of their divorce, but became aware of it later. On March 10, 1989, the husband hired a lawyer to pursue the claim. The case settled on April 13, 1989, for $82,900.

A hearing was held on the property issues in June, 1989, whereupon all property issues except the wife's entitlement to share in the settlement proceeds were resolved by agreement of the parties. The trial court determined the wife had no interest in the settlement proceeds. It emphasized neither party was aware of the claim during the marriage and the husband had not suppressed the claim or acted in bad faith. The trial judge stated:

> I find that a potential claim against an employer which is not pursued prior to commencement of marital litigation is not marital property, particularly where both parties had similar understandings as to the nature and potential for the existence of a claim and there is no evidence of deception or bad faith.

This case presents the novel issue of whether or not an action for wrongful discharge, which accrued prior to the commencement of marital litigation but became known to the parties and was pursued to fruition subsequent to the valuation date for marital property, is marital property.

We must first decide whether an action for wrongful discharge, which is in the nature of a chose in action, is "prop-

erty" under our Equitable Apportionment of Marital Property Act. *S.C. Code Ann.* Section 20-7-473 (Supp. 1990) defines marital property, with five exceptions, as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation." Of course, the claim in the instant action fits none of the exceptions.

In construing a statute, a court will give its words their plain and ordinary meanings without resort to subtle or forced construction to limit or expand the statute's operation. *Bryant v. City of Charleston*, 295 S.C. 408, 368 S.E. (2d) 899 (1988). If a term in a statute has a well recognized meaning in law different from its ordinary meaning, the term is accorded its legal meaning. *Allen v. Columbia Fin. Management*, 297 S.C. 481, 377 S.E. (2d) 352 (Ct. App. 1988).

The word "property" is in law a generic term of extensive application. It is not confined to tangible or corporeal objects, but is a word of unusually broad meaning. It is a general term to designate the right of ownership and includes every subject of whatever nature, upon which such a right can legally attach. It includes choses in action and is employed to signify any valuable right or interest protected by law and the subject matter or things in which rights or interests exists. *Lott v. Claussens, Inc.*, 251 S.C. 478, 163 S.E. (2d) 615 (1968); *Peeples v. Orkin Exterminating Co.*, 244 S.C. 173, 135 S.E. (2d) 845 (1964); *Gibbes v. Nat'l Hosp. Serv.*, 202 S.C. 304, 24 S.E. (2d) 513 (1943). Turning now to the meaning of "acquired" in the statute, "acquisition" may be defined as "the act of getting or obtaining something, which may be already in existence, or may be brought into existence through the means employed to acquire it. *Verner v. Muller*, 89 S.C. 117, 119, 71 S.E. 654, 656 (1911).

In determining the husband's claim should not be included in the equitable distribution estate, the trial court discussed the cases of *Orszula v. Orszula*, 292 S.C. 264, 356 S.E. (2d) 114 (1987) and *Phillips v. Phillips*, 290 S.C. 455, 351 S.E. (2d) 178 (Ct. App. 1986). The court factually distinguished both cases from the case at bar.

In *Orszula*, our Supreme Court concluded a check in settlement of the husband's workers' compensation claim which was intended to compensate the husband for lost wages during the

marriage was marital property. The trial court concluded, however, *Orszula* was distinguishable because the settlement was "compensation for a claim which occurred during the marriage, was known by both parties to exist, and was intended to compensate husband for lost earnings during the marriage." It further stated, "[h]owever, in this case there was no such award during the marriage and this is not a workers' compensation or personal injury award."

In the *Phillips* case, this Court held proceeds from the settlement of an automobile accident claim received by the parties during the marriage was marital property. The trial court held that case did not constitute precedent because it was decided prior to the effective date of the Equitable Apportionment Statute. It also distinguished the case on its facts, finding the claims in *Phillips* were pursued by the parties during the marriage, the settlement was consummated during the marriage, and both parties signed the release and endorsed the check.

Our research of the cases dealing with this issue from other jurisdictions show disparate treatment in the handling of unliquidated claims in property divisions. In *Lynch v. Lynch*, 122 A.D. (2d) 589, 505 N.Y.S. (2d) 741 (1986), the parties disputed the classification of the husband's potential recovery from his lawsuit against his former employer for breach of a long term employment contract. The trial court treated the entire recovery as marital property. In holding the potential recovery should be treated as the husband's separate property, the appellate court concluded that because the claim related almost entirely to employment in which the husband would have engaged subsequent to commencement of the divorce action (the statutory cut-off date for determining marital property in New York), the claim was for salary and benefits for periods of employment that would have taken place after the valuation date and therefore not subject to equitable distribution as marital property.

In *Dillard v. Dillard*, 28 Ark. App. 217, 772 S.W. (2d) 355 (1989), the husband who worked for a power company throughout the parties' marriage was terminated and began receiving severance pay a few months before the parties' divorce. The Arkansas Court of Appeals held the severance pay was marital property because it was earned through the hus-

band's years of service and because he began receiving it before the divorce. The court concluded such pay earned during marriage is marital even if received after the divorce.

Also, in the Arkansas case of *Goode v. Goode*, 286 Ark. 463, 692 S.W. (2d) 757 (1985), the Arkansas Supreme Court held a workers' compensation claim resulting from an injury during the marriage is marital property, although the claim had not been adjudicated or paid by the time of the divorce. In deciding claims not yet finalized at the time of divorce are nevertheless marital property, the court agreed with an Illinois court that reached the same conclusion:

> We cannot condone a result which invites workmen's compensation claimants to protract the arbitration for their award so as to shield that award from equitable division by the dissolution court. We must hold that if a claim for a compensation award accrues during the marriage, the award is marital property regardless of when received.

*Id.* at 466, 692 S.W. (2d) at 759 (quoting *In re Marriage of Dettore*, 86 Ill. App. (3d) 540, 42 Ill. Dec. 51, 408 N.E. (2d) 429 (1980)). The court cautioned that its decision did not require such claims to be divided equally, observing that in fashioning the final award, courts could consider "the effect of the injury which gave rise to the claim upon the needs of the injured worker." *Id.* at 466, 692 S.E. (2d) at 759.

In *Hurley v. Hurley*, 342 Pa. Super. 156, 492 A. (2d) 439 (1985), Pennsylvania's intermediate appellate court reached the opposite conclusion about unfinalized claims. It held a personal injury claim which is not liquidated before separation could not be classified as marital property under the statutory scheme. The court acknowledged a personal injury settlement or award liquidated before separation would be considered marital property, but concluded that until a personal injury claim is liquidated by being settled or reduced to judgment it could not be considered "property" subject to distribution.

Similarly, in the case of *In re Marriage of Kuzmiak*, 176 Cal. App. (3d) 1152, 222 Cal. Rptr. 644 (1986), a California intermediate appellate court held separation pay received after the parties' divorce but before trial of property issues in the case was the service member's separate property. The court

reasoned separation pay is intended to ease the transition into civilian life, not as compensation for past services. The court noted that if the service member is married at the time of discharge, the loss of employment is a community loss and separation pay helps the couple adjust to the loss of employment.[1] On the other hand, if the service member is unmarried at the time of discharge, the adjustment to civilian life is his alone to make and the separation pay should be declared to be his separate property.

We agree with those jurisdictions that hold that the proper classification of payments related to termination of employment depends on the purpose of the payments. *Lawyer v. Lawyer*, 288 Ark. 128, 702 S.W. (2d) 790 (1986) (payments husband would have received upon possible termination of his employment were for loss of insurance renewal commissions and were not marital property). We think the proper point in time a court should look to in classifying these types of claims is the time of the discharge because the time of discharge determines when the entitlement to compensation arose and whether it was the marital partnership or only the employee/spouse who had to bear the burden of the loss of employment.

We hold the fact the parties neither realized the existence of the claim nor actually received the settlement until after the date the marital litigation commenced is not controlling in this case. We further hold in classifying the instant settlement as marital or nonmarital, the purpose of the compensation must first be determined. We agree with the reasoning of what we believe to be a majority of those jurisdictions which hold that an unliquidated employment claim which accrues before and represents compensation for injuries suffered or property lost prior to commencement of marital litigation[2] is marital property even though received after valuation date. In so holding, we are cognizant of the

---

[1] In the present case, it is worth noting that at the time of the husband's discharge the parties were within five years of paying off the mortgage on the marital home. The discharge necessitated a long term refinancing of the home loan which ultimately resulted in losing the home in foreclosure.

[2] Although not an issue on appeal, we note the marital litigation which brought about the equitable division in this case was the December 20, 1988, action. *Shannon v. Shannon*, 301 S.C. 107, 390 S.E. (2d) 380 (Ct. App. 1990).

need to finalize domestic property litigation. We therefore hold that in the absence of fraud, deception or an effort by one spouse to secrete or hide an unliquidated employment claim, the other spouse's right to share in such a claim asserted for the first time after a court ordered division of property will not be recognized.

In the case *sub judice* classification of the settlement is problematic because the settlement presumably contained components for loss of wages that occurred after commencement of marital litigation, exemplary damages, statutory damages and numerous other elements of damage as is indicated in the "General Release" signed by the husband and his new wife.[3]

We therefore reverse the trial court's holding that none of the settlement is marital property and remand the case to the trial court for a determination of the proper portion of the settlement which should be classified as marital property. We recognize the difficulties facing the trial court on remand in trying to unscramble the various components of the settlement. We remind the husband, however, that because the cause of action accrued before the date of valuation, the award is presumably marital property. 24 Am. Jur. (2d) *Divorce and Separation* Section 880 (1983). He thus has the burden of showing the proper portion that should be excluded from equitable distribution. See *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied*, 298 S.C. 117, 378 S.E. (2d) 445 (1989); *Roberts v. Roberts*, 296 S.C. 93, 370 S.E. (2d) 881 (Ct. App. 1988), *aff'd as modified*, 299 S.C. 315, 384 S.E. (2d) 719 (1989); 24 Am. Jur. (2d) *Divorce and Separation* Section 880 (1982).

Accordingly, the order of the trial court is reversed and the case remanded for a determination of that portion of the settlement that is marital, a revaluation of the marital estate, and such reapportionment of the estate as the court deems appropriate.

Reversed and remanded.

BELL and GOOLSBY, JJ., concur.

---

[3] The husband remarried on March 5, 1989.