1736

Sharon G. COVINGTON, Appellant v. James M. COVINGTON, Respondent.

(412 S.E. (2d) 455)

Court of Appeals

*Mitchell K. Byrd*, of *Byrd & Byrd*, Rock Hill, and *Dan M. Byrd*, Fort Mill, *for appellant.*

*Samuel B. Fewell*, Rock Hill, and *Michael L. Brown, Jr.*, of *Gatlin, Brown & Godbold*, Rock Hill, *for respondent.*

Heard Nov. 5, 1991.

Decided Dec. 9, 1991.

GARDNER, Judge:

Sharon G. Covington (the wife) instituted this post-divorce petition against James M. Covington (the husband). The case is very interesting because it involves, *inter alia*, whether the husband's right of action for personal injuries resulting from

medical malpractice suffered prior to the institution of the divorce proceeding was property which became part of the marital estate upon the institution of marital litigation. Several issues are involved. We affirm in part, reverse in part and remand.

## ISSUES

The issues of merit are whether the trial judge erred by (1) holding that the divorce decree foreclosed the wife's right in this post-divorce proceeding to equitable distribution of the husband's recovery for personal injuries (suffered before institution of marital litigation) in a suit instituted after the divorce; (2) sustaining an objection to testimony about the trial of the husband's case, the evidence pertaining to damages submitted therein and the recovery, all of which were proffered; and (3) failing to award the wife attorney fees.

## FACTS

The husband suffered personal injuries as a result of medical malpractice prior to the institution of the divorce action. After the divorce, the husband instituted the malpractice action and recovered $250,000. He squandered all except $50,000 and upon petition of the wife, the family court restrained and enjoined the husband from decreasing the remaining funds he had on hand below $25,000.

The divorce decree contained the following provision:

> In regard to equitable distribution of the parties' marital assets, the parties announced to the Court that this consisted primarily of household furniture and furnishings and the parties anticipate that an agreement can be reached concerning these items. I find that if the parties cannot reach an agreement concerning an equitable division of their assets, this Court will adjudicate that issue at the request of either party.

The appealed order held that the above provision foreclosed any claim the wife might have to the proceeds of the recovery that the husband received for his personal injuries.

During the trial of the case, the trial judge sustained an objection to testimony offered by the wife pertaining to the trial of the husband's malpractice action. The wife proffered the testimony which is of record.

## ANALYSIS

### I.

We hold that the trial judge erred in holding that the divorce decree foreclosed the wife's right in this post-divorce proceeding to equitable distribution of the husband's recovery in his malpractice action. Construing the divorce decree under the rules of construction applicable thereto, we hold that the quoted language of the divorce decree reserves for later determination, in the event the parties are unable to reach an agreement, the equitable division of the marital property.

In *Petition of White*, 299 S.C. 406, 385 S.E. (2d) 211 (Ct. App. 1989), the court stated:

> As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intent of the parties or the court, as gathered, not from an isolated part of the contract or judgment but from all its parts. Hence, in construing a contract or a judgment, it should be examined and considered in its entirety; if the language employed is plain and unambiguous, there is no room for construction or interpretation and the effect thereof must be declared in the light of the literal meaning of the language used. *Stanaland v. Jamison*, 275 S.C. 50, 268 S.E. (2d) 578 (1980); 46 Am. Jur. (2d) *Judgments* Section 73 (1969); 49 C.J.S. *Judgments* Section 436 (1947).

The trial judge very plainly and unambiguously wrote "that if the parties cannot reach an agreement concerning an equitable division of their assets, this Court will adjudicate that issue at the request of either party." There is no limitation in this sentence. We hold that it was *not* the intent of the trial judge to limit the marital estate to household furniture and furnishings. We, therefore, reverse that part of the appealed order which foreclosed the wife's right to bring this action for equitable division of the marital estate.

### II.

The trial judge sustained the objection to the proffered testimony based upon his holding that the divorce decree limited the wife's right in equitable distribution of the marital estate. We have reversed this ruling. We, there-

fore, hold that the trial judge erred in sustaining the objection to the proffered evidence pertaining to the trial of the husband's malpractice action, the verdict and the husband's disposition of a large part of the funds he received.

Our Supreme Court has held that entitlement to personal injury and workers' compensation awards is part of the marital estate and subject to apportionment in a divorce action. *Orszula v. Orszula*, 292 S.C. 264, 356 S.E. (2d) 114 (1987); *Last v. MSI Construction Co.*, — S.C. —, 409 S.E. (2d) 334, 336 (1991) (Davis Adv. Sh. No. 20 at 8). We hold that by the use of the word "entitlement" the Supreme Court encompassed the right of recovery for all damages suffered by a spouse during coverture and to which a right of action accrued prior to the institution of marital litigation.

This court held in the case of *Mears v. Mears*, — S.C. —, 406 S.E. (2d) 376 (Ct. App. 1991) that a chose in action or right of action for wrongful discharge is marital property despite the fact that the suit had not been instituted prior to the institution of marital litigation which establishes the time for evaluating marital property. *Mears* involved an action for wrongful discharge which is neither a workers' compensation claim nor a personal injury claim. We hold, nevertheless, that *Mears* is authority for the proposition that a chose in action or right of action which accrues during coverture is marital property despite the fact that suit is not instituted until after the institution of marital litigation.

We, accordingly, find that the trial judge erred in sustaining the objection to the proffered evidence. This ruling is reversed. The case, accordingly, is remanded for purposes of equitable division of the husband's recovery for personal injuries in his malpractice action.

### III.

Since the case is reversed for consideration of the equitable division of the husband's recovery in the malpractice action, we also reverse the ruling that the wife is not entitled to attorney fees. Upon remand the trial judge shall take testimony relating to the amount of attorney fees which should be awarded the wife and order the payment thereof.

We find no merit to the remaining questions presented by the wife on this appeal.

## CONCLUSION

For the reasons above stated, we affirm in part, reverse the holdings of the trial judge that (1) the wife was foreclosed in this petition to seek equitable distribution of the husband's right of action and (2) the trial judge's sustaining of the objection to the proffer of evidence about the husband's trial and recovery in his medical malpractice action. We, accordingly, remand to the family court for determination of the questions involving the equitable distribution of the funds the husband was awarded in his personal injury claim and to determine the amount of attorney fees which should be awarded the wife.

Affirmed in part, reversed in part, and remanded.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.