23639

John Harry MEARS, Petitioner v. Mary B. Felkel MEARS, Respondent.
(417 S.E. (2d) 574)

Supreme Court

*C. Bradley Hutto* of *Williams & Williams*, Orangeburg, *for petitioner.*

*Thomas B. Bryant, III*, Orangeburg, *for respondent.*

Heard March 23, 1992.

Decided April 27, 1992.

## ON WRIT OF CERTIORARI

*Per Curiam:*

We granted certiorari to review the Court of Appeals' opinion reported at — S.C. —, 406 S.E. (2d) 376 (1991). Reference is had to that opinion for a full statement of the facts.

We affirm, but comment further upon the following language from the Court of Appeals opinion:

> an unliquidated employment claim which accrues before and represents compensation for injuries suffered or property lost prior to commencement of marital litigation is marital property even though received after valuation date. . . . We therefore hold that in the absence of fraud, deception or an effort by one spouse to secrete or hide an unliquidated employment claim, the other spouse's right to share in such a claim asserted for the first time after a court ordered distribution of property will not be recognized.

— S.C. at —, 406 S.E. (2d) at 380.

At oral argument before this Court, counsel for Mr. Mears contended that the Court of Appeals' decision changes the date for defining "marital property," from the date of "commencement of marital litigation," to the date of a court ordered equitable distribution, in contravention of S.C. Code Ann. § 20-7-473 (1991 Cum. Supp.). We disagree.

The court of Appeals opinion retains "the filling or commencement of litigation" as the determinative date of whether an asset or right of action constitutes marital property. However, it is at the equitable distribution hearing that the Family Court will ascertain whether such a right

of action existed or had accrued at the time of commencement of litigation.[1]

Moreover, the opinion makes clear that no claim, absent showing of fraud, deception or the like, may be asserted after equitable distribution, even if the asset had accrued at the time of commencement of litigation.[2]

Affirmed.

---

[1] For example, had Mr. Mears instituted divorce proceedings in December, 1988, and been wrongfully discharged in January, 1989, his action would not have accrued prior to commencement of litigation. Accordingly, Family Court, at the equitable distribution hearing, would hold the cause of action was not marital property.

[2] For example, had Mr. Mears' right of action accrued prior to institution of litigation, and Mrs. Mears failed to assert a claim to it at the time of equitable distribution, she share no entitlement absent a showing of fraud.