1817

Russell O'Neal MARSH, Appellant v. Patsy Wright MARSH, Respondent.

(417 S.E. (2d) 638)

Court of Appeals

*Thomas M. White, Steinberg, Spitz, Goldberg, Pearlman, Holmes, White & O'Neill,* Goose Creek, *for appellant.*

*Edmonds T. Brown, III,* North Charleston, *for respondent.*

Heard March 16, 1992.

Decided May 11, 1992.

CURETON, Judge:

The primary issue in this case is whether the husband's personal injury award is marital property subject to equitable distribution. The trial court held it was and the husband has appealed. We affirm.

The parties were separated in March 1989 at which time the wife filed an action for separate maintenance. A *pendente lite* order was issued by the family court in April 1989 which essentially preserved the status quo between the parties as to property matters. The husband instituted an action for divorce and equitable division of marital property in April 1990. The wife filed an answer and counterclaim in May 1990 requesting a divorce and equitable division of the marital property. The parties were divorced in July 1990. Although the trial court found both parties had committed adultery, it granted the divorce on the ground of a one year continuous

separation. The family court divided the marital property including the proceeds from a settlement of the husband's personal injury suit and the wife's legal malpractice action.[1]

In July 1984, the husband was involved in an accident that occurred when a tree fell on the truck he was driving. A suit by the husband against the South Carolina Department of Highways and Public Transportation resulted in a jury verdict for $300,000. During the appellate process, the case was settled in December 1989 for $325,000. In January 1990, the wife filed a legal malpractice suit against the husband's attorney for failure to file a loss of consortium claim in the husband's suit. The wife settled for $10,000. The husband netted $179,881 from his personal injury settlement and the wife received $6,000 from her malpractice settlement. The trial court found both of these settlements were marital property.

While the husband raises several arguments on appeal, the only one with merit is whether his personal injury settlement should have been classified as marital property. He premises his argument on the assertion that the settlement is not compensation for economic losses (i.e. reimbursement for lost wages and medical or other expenses) to the marital partnership, but rather represents uniquely personal losses to him for pain and suffering, mental anguish, disfigurement, and post-divorce loss of earning capacity. He relies on the North Carolina case of *Little v. Little*, 74 N.C. App. 12, 327 S.E. (2d) 283 (1985) and the New Jersey case of *Amato v. Amato*, 180 N.J. Super. 210, 434 A. (2d) 639 (1981) to bolster his argument.

Although our Supreme Court in *Orszula v. Orszula*[2] and this court in several cases[3] have held that personal injury awards are marital property, neither court has been asked to analyze personal injury awards based on the purpose for which the award was made. This is the argument asserted by the husband.

---

[1] The wife has not appealed the inclusion of the proceeds of the legal malpractice settlement in the marital estate.

[2] *Orszula v. Orszula*, 292 S.C. 264, 356 S.E. (2d) 114 (1987).

[3] *See Covington v. Covington*, — S.C. —, 412 S.E. (2d) 455 (Ct. App. 1991) (medical malpractice claim); *cf. Mears v. Mears*, — S.C. —, 406 S.E. (2d) 376 (Ct. App. 1991) (wrongful discharge claim), *aff'd*, 417 S.E. (2d) 574 (S.C. Sup. Ct. 1992); *Phillips v. Phillips*, 290 S.C. 455, 351 S.E. (2d) 178 (Ct. App. 1986) (personal injury claim).

A survey of the law from other jurisdictions indicates the law is in a state of upheaval. Courts continue to reach divergent results on the classification of personal injury awards. Some courts have held such awards are uniquely personal to the injured spouse and thus cannot be considered marital property. *Unkle v. Unkle*, 305 Md. 587, 505 A. (2d) 849 (1986). Others have ruled only that portion attributable to the marriage partnership's economic loss is marital property, while the portion attributable to pain and suffering is the injured party's separate property. *Johnson v. Johnson*, 259 Ga. 658, 386 S.E. (2d) 136 (1989). Still other courts have classified the entire award as marital property. *Liles v. Liles*, 289 Ark. 159, 711 S.W. (2d) 447 (1986).

A rapidly increasing number of courts have taken the middle road adopted by our sister states of North Carolina and Georgia.[4] Instead of the all or nothing approach, they have distinguished between losses suffered by the marital partnership and those suffered by the injured spouse. This approach is commonly referred to as the "analytic approach." *Johnson*, 346 S.E. (2d) 430, 435. One of the first jurisdictions to take this approach was New Jersey. The New Jersey Supreme Court utilized the analysis adopted by the New Jersey Superior Court in the *Amato* case when deciding *Landwehr v. Landwehr*, 111 N.J. 491, 545 A. (2d) 738 (1988). The *Landwehr* court quoted from the *Amato* court holding "the law would literally heap insult upon injury" by allowing the estranged and uninjured spouse to share in the compensation paid to the injured spouse for the personal and subjective sensations of pain and suffering. *Id.* at 742, 743.

Nevertheless, in the face of the apparent equity argument for adopting the analytic approach, our research reveals personal injury awards are generally considered marital property regardless of the purpose of the award in jurisdictions having equitable distribution statutes which make all property acquired during the marriage presumptively marital, unless the award is statutorily exempted. *Clayton v. Clayton*, 297 Ark. 342, 760 S.W. (2d) 875 (1988); *In re Marriage of Fjeldheim*, 676 P. (2d) 1234 (Colo. App. 1983); *In re Marriage of Burt*, 144

---

[4] *Johnson v. Johnson*, 259 Ga. 658, 386 S.E. (2d) 136 (1989); *Johnson v. Johnson*, 317 N.C. 437, 346 S.E. (2d) 430 (1986).

Ill. App. (3d) 177, 98 Ill. Dec. 746, 494 N.E. (2d) 868 (1986); *Nixon v. Nixon,* 525 S.W. (2d) 835 (Mo. App. 1975); *Maricle v. Maricle,* 221 Neb. 552, 378 N.W. (2d) 855 (1985); *Platek v. Platek,* 309 Pa. Super. 16, 454 A. (2d) 1059 (1982); *Bero v. Bero,* 134 Vt. 533, 367 A. (2d) 165 (1976); *Richardson v. Richardson,* 139 Wis. (2d) 778, 407 N.W. (2d) 231 (1987).

The husband argues that because the South Carolina Supreme Court in *Orszula* referred to the *Little* decision from North Carolina the court implicitly recognized a distinction between economic and non-economic losses in personal injury awards. We read *Orszula* differently. While the court referred to the *Little* case,[5] it also quoted extensively from the case of *Gan v. Gan,* 83 Ill. App. (3d) 265, 38 Ill. Dec. 882, 404 N.E. (2d) 306 (1980). Contrary to the husband's position, the *Gan* case holds personal injury awards are marital property in their entirety because they do not fit within any of the statutorily enumerated categories of separate property in Illinois. *Id.,* 38 Ill. Dec. at 885, 404 N.E. (2d) at 309.

The Supreme Court may want to revisit *Orszula* in view of the husband's argument. However, we are effectively locked into what the North Carolina Supreme Court in *Johnson* referred to as the "mechanistic approach."[6] While criticized, this approach presents the least difficulty for trial courts to apply. As this court inferentially recognized in *Mears v. Mears,* an attempt to segregate unallocated awards into their component parts based on the various elements of compensatory damages often presents an insurmountable task.[7] Moreover, classifying the entire award as marital property does not mean any specific portion of the settlement proceeds must be awarded to the non-injured spouse. Our Equitable Distribution Statute

[5] Although later North Carolina cases adopted the analytic approach to classifying personal injury awards, *Little* did not. The *Little* court simply recognized the approach had been adopted by other jurisdictions. It found itself bound to include the personal injury award in the marital estate because the trial judge had made an unappealed ruling that the award compensated the husband for lost wages, which even in those jurisdictions utilizing the analytic approach is classified as marital property. *Little,* 327 S.E. (2d) at 288.

[6] The court referred to the approach as "literal" and "looks to the general statutory definitions of marital and separate property and concludes that since the award was acquired during the marriage and does not fall into the definition of separate property or into any exception to the definition of marital property, it must be marital property." *Johnson,* 346 S.E. (2d) at 435.

[7] *Mears v. Mears,* — S.C. —, —, 406 S.E. (2d) 376, 380 (Ct. App. 1991), *aff'd,* 417 S.E. (2d) 574 (1992).

gives family court judges sufficient latitude to make adjustments for personal injury awards that represent compensation for injuries uniquely personal to one spouse in dividing the marital estate.

We reject the husband's invitation to adopt the analytical approach in classifying the husband's personal injury settlement and hold the entire award is marital property.

We hold all other issues raised by the husband in his appeal are either abandoned or manifestly without merit under S.C. Code Ann. § 14-8-250 (Supp. 1991).

The order of the court is

Affirmed.

GARDNER and BELL, JJ., concur.