THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Joanne B. Whitlock, Appellant,
 v.
 John W. Whitlock, Respondent.
 
 
 

Appeal From Richland County
 A. E. Gene Morehead, III, Family Court Judge

Unpublished Opinion No. 2007-UP-095
Submitted January 9, 2007  Filed February 23, 2007

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
 Jan L. Warner, of Columbia; for Appellant.
 John S. Nichols, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Joann B. Whitlock (Wife) appeals the family courts order finding John W. Whitlock (Husband) did not violate the terms of the Pendente Lite Consent Order, the Final Order, and the Decree of Divorce.   Wife contends the family court erred in:  (1) modifying the orders as it lacked jurisdiction to do so; (2) finding the previous family court had not addressed issues of taxation in the Final Decree; (3) failing to hold Husband in contempt; (4) delegating to the Internal Revenue Service (IRS) the power to determine the deductibility of court-ordered alimony; and (5) failing to award attorneys fees, costs, and accountant fees.  We affirm in part, reverse in part, and remand.  
FACTS
The parties were married on February 9, 1964, in the state of Georgia.   The couple had two children.  In June 1999, Husband became involved in an adulterous relationship which resulted in the parties separation.  On June 24, 1999, Wife filed for divorce on the ground of adultery.  Husband filed an Answer and Counterclaim on August 17, 1999.  Wife filed an Amended Reply to the Answer and Counterclaim on October 27, 1999.    
The family court (Judge Riddle) entered a Pendente Lite Consent Order on July 9, 1999.  In pertinent part, the Pendente Lite Consent Order provided:  

 Defendant-Husband shall pay directly to Plaintiff-Wife the sum of $1,858.65 per month as temporary alimony commencing and effective July 1, 1999 pending further agreement or order.  From that alimony, and with her own earnings from her employment, Plaintiff-Wife shall pay the expenses detailed on her Financial Declaration Budget Form (copy attached), except the health insurance which shall be provided and paid for by Defendant-Husband.  If extraordinary expenses arise, they shall be dealt with by supplemental agreement or order.  The payment of this pendente lite alimony is without prejudice on the merits and shall have no tax consequences to Plaintiff-Wife, pendente lite.  The trial judge may, however, reallocate tax consequences at the final hearing.  

(Emphasis added).    
A final hearing was held before the family court (Judge Edwards) on March 19 and 20, 2001, and April 23, 2001.  Judge Edwards issued a Final Order and Decree of Divorce on December 5, 2001.  The Final Order provided that the Pendente Lite Consent Order should remain in effect through and including December 2001.  The terms of the Final Order awarded Wife $2,200.00 permanent periodic alimony, taxable to Wife and deductible to Husband for tax purposes, commencing the date of the order.    Neither party moved for reconsideration of the Final Order, nor did either party appeal from the Final Order.  
In the first year after the parties separated, they filed joint tax returns.    In the years after, the parties filed separately.  Some time in 2003, Wife was contacted by the IRS concerning her tax liability for the year 2000.  She was told she owed the IRS $4,887.06 based on the temporary alimony paid to her by Husband.  Wife immediately contacted Husband about the letter and he told her he would contact the IRS to ask their advice.  Wife hired an accountant to advise her in the matter.  
On August 1, 2004, Wife moved for an Order and Rule to Show Cause why Husband should not be held in contempt for failing to comply with the Pendente Lite Consent Order by refusing to abide by the taxation allocation thereunder for the 2000 tax year.  On October 13, 2004, Husband offered to settle the case by paying the $4,887.06 owed by Wife to the IRS.  On October 14, 2004, the family court (Judge Morehead) held a hearing and on March 14, 2005, issued an order.  Judge Morehead ruled Husband was not in willful contempt and denied Wifes claim for relief.  Specifically, he found the following:  

 I find [Husband] to be a credible person, and [he] has not willfully violated the court order.  I further find this court cannot require [Husband] to pay the amount [Wife] paid to the IRS or the CPA fees she incurred or the legal fees and costs she has incurred.  Judge Edwards [sic] order did not address the pendente lite deductibility or non-deductibility of the temporary alimony.  Judge Edwards [sic] order required that permanent periodic alimony would begin on January, 2002 and be taxable to [Wife] and deductible to [Husband], but the order is silent as to the Pendente Lite Consent Order as it relates to the treatment of the temporary alimony.  The Pendente Lite Consent Order states that the pendente lite alimony may be reallocated at the final hearing.  Judge Edwards determined the deductibility and taxability of the permanent periodic alimony, but the court did not address the prior Pendente Lite Consent Order of the parties as it dealt with temporary alimony.  

Wife timely moved pursuant to Rules 52, 59, and 60, SCRCP, and Rule 2(a), SCRFC, for reconsideration of the order.  Wife filed this appeal after Judge Morehead denied her motion. 
STANDARD OF REVIEW
On appeal from the family court, the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence.  Murdock v. Murdock, 338 S.C. 322, 328, 526 S.E.2d 241, 244-45 (Ct. App. 1999).  
However, this broad scope of review does not require us to disregard the family courts findings.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002).  Nor must we ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Lacke v. Lacke, 362 S.C. 302, 307, 608 S.E.2d 147, 150 (Ct. App. 2005); see also Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996) (noting that because the appellate court lacks the opportunity for direct observation of witnesses, it should accord great deference to the family courts findings where matters of credibility are involved).  Our broad scope of review does not relieve appellant of her burden to convince this court that the family court committed error.  Skinner v. King, 272 S.C. 520, 522-23, 252 S.E.2d 891, 892 (1979).
DISCUSSION
I.
Wife contends Judge Morehead erroneously modified Judge Riddles unappealed Pendente Lite Consent Order and Judge Edwards Final Order entered in this case.  Specifically, Wife asserts Judge Moreheads authority was limited to enforcement of these orders and, thus, he was without jurisdiction to modify them.  We disagree.    
We believe Wifes arguments mischaracterize Judge Moreheads rulings.  Judge Morehead did not change the terms of the prior orders.  Instead, he properly exercised his authority when he read the language of the orders in question, took testimony on the issues, and ultimately employed rules of construction to interpret the language of the two prior family court orders.  See Emery v. Smith, 361 S.C. 207, 214, 603 S.E.2d 598, 601-02 (Ct. App. 2004) (stating agreement which becomes part of family courts order is fully subject to the family courts authority to interpret and enforce its own decrees); see also Covington v. Covington, 306 S.C. 473, 475, 412 S.E.2d 455, 456 (Ct. App. 1991) (holding judgments are to be construed like other written instruments).  Accordingly, we find no merit to Wifes argument that Judge Morehead improperly modified the orders at issue in this case.
II.
Wife argues Judge Morehead erred in finding that Judge Edwards failed to address the temporary alimony taxation issues in the Final Order.  We agree.  
In his order, Judge Morehead found that Judge Edwards [sic] order did not address the pendente lite deductibility or non-deductibility of the temporary alimony.  However, this finding was in error as the Final Order clearly provided that The Pendente Lite Consent Order issued on July 7, 1999 shall remain in effect through and including the calendar month in which this decree is issued.  Although the Pendente Lite Consent Order stated that [t]he trial judge may, however, reallocate tax consequences at the final hearing, the family court failed to do so.  The Pendente Lite Consent Order provided that [t]he payment of this pendente lite alimony is without prejudice on the merits and shall have no tax consequences to Plaintiff-Wife, pendente lite.    
The orders at issue were clear and unambiguous.  If the language employed is plain and unambiguous, there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used.  Stanaland v. Jamison, 275 S.C. 50, 53, 263 S.E.2d 578, 579 (1980) (noting family court has the duty to construe a contract which is subject to more than one interpretation, but when the terms of a contract are clear, there is no room for interpretation and the parties must live with the agreement which was made); In re White, 299 S.C. 406, 412, 385 S.E.2d 211, 215 (Ct. App. 1989) (recognizing in family court action involving child support that judgments are to be construed like other written instruments).  Therefore, the orders are to be read in the light of their literal meaning.  
Because the Final Order did nothing but continue the tax consequences outlined for the temporary alimony in the Pendente Lite Consent Order, the Pendente Lite Consent Order was still controlling and the temporary alimony should have had no tax consequences for Wife.  Construing the orders in this way, Husband violated the Pendente Lite Consent Order when he filed his taxes for the year 2000 which resulted in tax consequences for Wife.  Thus, Judge Morehead erroneously interpreted the Final Order in stating that the order did not address the temporary alimony tax issues.  In light of our decision, we hold Wife is entitled to reimbursement in the amount of $4,887.06, for her payment to the IRS pertaining to the temporary alimony payments.  
III.
Wife asserts Judge Morehead erred in failing to hold Husband in contempt for violating the terms of the Pendente Lite Consent Order, the Final Order, and the Decree of Divorce.  We disagree.
The power to punish for contempt is inherent in all courts and is essential to preservation of order in judicial proceedings.  In re Brown, 333 S.C. 414, 420, 511 S.E.2d 351, 355 (1998).  Contempt results from a partys willful disobedience of a court order.   Smith v. Smith, 359 S.C. 393, 396, 597 S.E.2d 188, 189 (Ct. App. 2004); S.C. Code Ann. § 20-7-1350 (Supp. 2006) (A party may be found in contempt of court for the willful violation of a lawful court order.).  A willful act is one which is done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law. Widman v. Widman, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) (quoting Spartanburg County Dept of Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)). [B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct. Widman, 348 S.C. at 119, 557 S.E.2d at 705.
In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondents noncompliance with the order.  Hawkins v. Mullins, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004).  Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order.  Widman, 348 S.C. at 120, 557 S.E.2d at 705.  Furthermore, [i]t is generally recognized that where a contemnor is unable, without fault on his part, to obey an order of the court, he is not to be held in contempt.  Hicks v. Hicks, 280 S.C. 378, 381, 312 S.E.2d 598, 599 (Ct. App. 1984). 
A finding of contempt rests within the sound discretion of the court and results from willful disobedience of a court order.  Henderson v. Henderson, 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989).  A trial courts determination regarding contempt is subject to reversal where it is based on findings that are without evidentiary support or where there has been an abuse of discretion. Henderson v. Puckett, 316 S.C. 171, 173, 447 S.E.2d 871, 872 (Ct. App. 1994). Even though a party is found to have violated a court order, the question of whether or not to impose sanctions remains a matter for the courts discretion. Hawkins v. Mullins, 359 S.C. 497, 503, 597 S.E.2d 897, 900 (Ct. App. 2004). An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support. Townsend v. Townsend, 356 S.C. 70, 73, 587 S.E.2d 118, 119 (Ct. App. 2003).
Here, Husbands actions were not done with the requisite willfulness which requires the act be done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law. Widman, 348 S.C. at 119, 557 S.E.2d at 705 (quoting Spartanburg County Dept of Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)).  Regardless of the fact that we have interpreted the orders to be construed in a manner against Husband, there is still no evidence of contempt on his part.  Therefore, we hold Judge Morehead did not abuse his discretion in declining to find Husband in contempt for violating the terms of the Pendente Lite Consent Order, the Final Order, and the Decree of Divorce.
IV.
Wife claims Judge Morehead erred in finding the IRS, not the family court, should make the determination of the deductibility of the court-ordered alimony as the family court lacked jurisdiction to delegate the issue of payments to the IRS.  We disagree.  
In his order, Judge Morehead stated: 

 I find the issue of tax consequences on the pendente lite alimony is an issue between Plaintiff and the IRS.  I further find Defendant is not required to pay the taxes on the pendente lite alimony and is not required to pay the CPA fees of Plaintiff or attorney fees and costs of Plaintiff.  

A clear reading of this order shows that this finding was based on Judge Moreheads earlier finding in the same order that Husband was not liable to Wife for the payment of taxes.  This did not, as Wife claims, give the IRS the power to adjudicate this issue.  Rather, Judge Morehead was merely stating that Wifes only avenue for recovery would now be through the IRS.  Accordingly, we find Judge Morehead did not improperly delegate its powers to the IRS.  
V.
Wife argues Judge Morehead erred in declining to award her attorneys fees, costs, and accountant fees based on Husbands violation of the court orders and refusal to correct the error.  We agree in part.  
An award of attorneys fees and costs is a discretionary matter not to be overturned absent abuse by the trial court. Donahue v. Donahue, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989).  In determining whether attorneys fees should be awarded, the court should consider the following factors:  the partys ability to pay his/her own attorneys fees; beneficial results obtained by the attorney; the parties respective financial conditions; and the effect of the attorneys fee on each partys standard of living.  E.D.M. v. T.A.M, 307 S.C. 471, 477-78, 415 S.E.2d 812, 816 (1992).  In determining the reasonable amount of attorneys fees to award, the family court should consider the nature, extent and difficulty of the services rendered, the time necessarily devoted to the case, counsels professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  The same considerations that apply to awarding attorneys fees apply to awarding litigation expenses.  Patel v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004).
Based on our finding that Judge Edwards addressed the temporary alimony tax at issue in the Final Order and Wife is entitled to a reimbursement of the $4,887.06 paid to the IRS, we hold Wife is also entitled to an award of attorneys fees, costs, and accountant fees.  Because Husband tried to settle the case on October 13, 2004, by offering to pay $4,887.06 to Wife for the tax liability, we hold Wifes recovery of these fees is limited only to those incurred up to the date of the hearing, October 14, 2004.    Additionally, this only includes attorneys fees, costs, and accountant fees accrued in the course of Wife pursuing the payment of the pendente lite taxes at issue in this case.  In the Final Order and Decree of Divorce Wife was awarded $25,000.00 in attorneys fees.  Nothing in this opinion should be construed as changing that ruling.  We emphasize that Wife is only to receive attorneys fees, costs, and accountant fees associated with the issues discussed in the instant case up to the date of the hearing.  Accordingly, we remand to the family court for a determination of the amount to be awarded.  
CONCLUSION
We hold the family court improperly held that the temporary alimony tax issue was not addressed in the Final Order and found Husband was not liable for the tax liability for that alimony.  We also hold Wife is entitled to attorneys fees, costs, and accountant fees incurred up until the date of the hearing, October 14, 2004.  We remand to the family court to determine an amount of attorneys fees, costs, and accountant fees to be awarded consistent with the holding of this opinion.  All other issues are affirmed.  For the reasons stated herein, the family courts decision is 
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.  
ANDERSON, HUFF, and BEATTY, JJ., concur.