## IN RE the MARRIAGE OF: Maureen RICHARDSON, Petitioner-Respondent-Petitioner

v.

## Edward S. RICHARDSON, Appellant.

Supreme Court

*No. 85–0166. Argued April 28, 1987.—Decided June 17, 1987.*

(Also reported in 407 N.W.2d 231.)

For the petitioner-respondent-petitioner there were briefs by *William T. Henderson* and *Collins & Henderson,* Beloit, and oral argument by *William T. Henderson.*

For the appellant there was a brief by *Linda S. Balisle* and *Stolper, Koritzinsky, Brewster & Neider, S.C.,* Madison, and oral argument by *Linda S. Balisle.*

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed on April 24, 1986, reversing that portion of a divorce judgment of the circuit court for Rock county, Patrick J. Rude, Circuit Court Judge, dividing a personal injury claim for medical malpractice between the parties.

The personal injury claim arose out of a medical procedure that was performed on Mrs. Richardson during the marriage that rendered her unable to bear children. The parties consulted an attorney and retained the attorney with money from their joint funds. Thereafter the parties filed for divorce. At the time of the divorce the claim had not been settled or brought to judgment.

The circuit court held that any recovery in the personal injury action for money advanced to pursue the lawsuit or for loss of earnings up to the date of the divorce was property of the parties subject to property division upon divorce under sec. 767.255, Stats. 1985–86, to be divided equally by the parties. The circuit court further held that any recovery attributable to the loss of the injured spouse's (wife's) body functions (that is, damages for her inability to bear children, her future earnings, or her pain and suffering) is the property of the injured spouse (wife) alone, not property of the parties subject to division.

The court of appeals held that the entire claim for medical malpractice is property subject to division under sec. 767.255, reversed the circuit court judgment, and remanded the case to the circuit court for division of the claim.

Like the court of appeals, we hold that a personal injury claim for medical malpractice is property subject to division upon divorce under sec. 767.255. In contrast to the court of appeals, however, we conclude that the nature of a claim for personal injury renders the presumption of equal distribution established in sec. 767.255 inapplicable. We conclude that in dividing a personal injury claim (before settlement of or judgment on the claim), a circuit court should presume that the injured spouse is entitled to the entire amount recovered for loss of bodily function, future earnings (that is after the date of divorce) and pain and suffering; that the "uninjured" spouse is entitled to the entire amount recovered for loss of consortium; and that the amounts recovered for medical and other expenses and loss of earnings incurred during the marriage are to be distributed equally. Accordingly, we affirm the decision of the court of appeals reversing the judgment, but we do so on grounds that the court of appeals did not consider. Because the circuit court viewed part of the claim as being property not subject to division, we reverse that portion of the judgment of the circuit court distributing the claim and remand the case to the circuit court for further proceedings consistent with this opinion. We recognize that, applying our rationale, the circuit court on remand should distribute the claim in the same way as it did previously applying its rationale. We remand, however, because it is possible, although not likely in this case, that the circuit court might find that the

statutory factors warrant alteration of the presumption that the injured spouse is entitled to the entire amount recovered for loss of bodily function, future earnings and pain and suffering.

Our analysis begins with the property division statute, sec. 767.255.[1] Under the statute the property

---

[1]Sec. 767.255 provides as follows:

"Upon every judgment of annulment, divorce or legal separation, or in rendering a judgment in an action under s. 767.20(1)(h), the court shall divide the property of the parties and divest and transfer the title of any such property accordingly. A certified copy of the portion of the judgment which affects title to real estate shall be recorded in the office of the register of deeds of the county in which the lands so affected are situated. The court may protect and promote the best interests of the children by setting aside a portion of the property of the parties in a separate fund or trust for the support, maintenance, education and general welfare of any minor children of the parties. Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner. The court shall presume that all other property is to be divided equally between the parties, but may alter this distribution without regard to marital misconduct after considering:

"(1) The length of the marriage.

"(2) The property brought to the marriage by each party.

"(2r) Whether one of the parties has substantial assets not subject to division by the court.

"(3) The contribution of each party to the marriage, giving appropriate economic value to each party's contribution in homemaking and child care services.

"(4) The age and physical and emotional health of the parties.

"(5) The contribution by one party to the education, training or increased earning power of the other.

781

of the parties subject to division by the circuit court includes all property other than property acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or other property obtained by either party with funds so acquired. These excluded forms of property are not to be divided between the parties unless the circuit court finds "that refusal to divide such property will create a hardship on the other party or on the children of the marriage."

Both parties agree that a personal injury claim does not fit within any of the forms of property expressly excluded from division under sec. 767.255. Nevertheless, Mrs. Richardson would have this court

"(6) The earning capacity of each party, including educational background, training, employment skills, work experience, length of absence from the job market, custodial responsibilities for children and the time and expense necessary to acquire sufficient education or training to enable the party to become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage.

"(7) The desirability of awarding the family home or the right to live therein for a reasonable period to the party having custody of the children.

"(8) The amount and duration of an order under s. 767.26 granting maintenance payments to either party, any order for periodic family support payments under s. 767.261 and whether the property division is in lieu of such payments.

"(9) Other economic circumstances of each party, including pension benefits, vested or unvested, and future interests.

"(10) The tax consequences to each party.

"(11) Any written agreement made by the parties before or during the marriage concerning any arrangement for property distribution; such agreements shall be binding where the terms of the agreement are inequitable as to either party. The court shall presume any such agreement to be equitable as to both parties.

"(12) Such other factors as the court may in each individual case determine to be relevant."

conclude that certain component parts of her personal injury claim do not constitute property. She urges us to adopt the approach of the New Jersey court in *Amato v. Amato,* 180 N.J. Super. 210, 434 A.2d 639, 643–644 (1981). That court concluded that monies to be realized for pain, suffering, disfigurement, disability or other debilitation of the mind or body, and future earnings represent personal property of the injured spouse to be distributed in their entirety to the injured spouse. The New Jersey court further concluded that monies to be realized for losses such as past wage loss and medical or other expenses which had diminished the estate during marriage are property subject to division on divorce. The *Amato* court reasoned that there is no equitable basis for having the uninjured and estranged spouse who has his or her own claim for loss of consortium share monetary recovery for pain, suffering, bodily injury and lost future earnings suffered by the injured spouse.

We conclude that Mrs. Richardson's reasoning turns not on the definition of property but on the nature of a personal injury claim. She is arguing that to comply with the equitable approach to property division mandated by the legislature, a court must distribute certain parts of a personal injury claim entirely to the injured party. Mrs. Richardson fails to offer a definition of property, a rationale or relevant precedent justifying the exclusion of a claim for personal injury from the concept of "property" under sec. 767.255.[2] Accordingly we conclude that a claim for

[2]Several Wisconsin cases have discussed the question of what is property subject to division, but the cases are not helpful in deciding this case. See, *e.g. Leighton v. Leighton,* 81 Wis. 2d 620,

personal injury is property subject to division under sec. 767.255.[3]

Having concluded that a personal injury claim is property subject to division under sec. 767.255, we should, according to Mr. Richardson, end our inquiry here. Mr. Richardson argues that there is no need to treat a claim for personal injury any differently than any other type of property. He urges us to allow the circuit court to divide the personal injury claim exercising its discretion under sec. 767.255.

Following Mr. Richardson's approach, each circuit court would decide in each case whether and how

636–37, 261 N.W.2d 457 (1978) (pre-sec. 767.255 case; veterans' disability pension is income to be considered in allowing maintenance rather than property to be divided upon divorce); *Holbrook v. Holbrook,* 103 Wis. 2d 327, 309 N.W.2d 343 (Ct. App. 1981) (professional goodwill not included in valuation of law partnership interest which is property subject to division); *DeWitt v. DeWitt,* 98 Wis. 2d 44, 296 N.W.2d 761 (Ct. App. 1980) (professional degree not property subject to division).

In *Mack v. Mack,* 108 Wis. 2d 604, 608, 323 N.W.2d 153 (Ct. App. 1982), the court of appeals concluded that the proceeds from a personal injury action that the parties received before the divorce action commenced and deposited in joint accounts was property subject to division.

Some courts view the value of an unliquidated medical malpractice personal injury claim as so speculative that it cannot be considered property for the purposes of the property division statute. Compare *Fries v. Fries,* 288 N.W.2d 77 (N.D. 1980) (too speculative) and *Heilman v. Heilman,* 95 Mich. App. 728, 291 N.W.2d 183 (Ct. App. 1980) (not too speculative).

[3]We recognize that this case does not raise, and we do not answer, numerous issues that may arise in determining the division of a personal injury claim in a divorce action and in the parties' obtaining a judgment or settlement regarding the personal injury claim after divorce. We decide only the issue presented by the parties in the case before us.

to divide a personal injury claim upon divorce by beginning, as sec. 767.255 requires, with the presumption that the claim should be equally divided and then determining, after considering the factors enumerated in sec. 767.255, whether it should alter the presumption of equal distribution with regard to the personal injury claim. Ordinarily, letting each circuit court decide whether to alter the presumption of equal distribution enables each circuit court to tailor the distribution to suit the characteristics of the litigants in the case before it. In this case, however, different circuit courts might distribute personal injury claims differently because they disagree about the significance of general characteristics found in most personal injury claims. Each circuit court faced with the necessity of deciding how to distribute a personal injury claim which has not resulted in a judgment or settlement at the time of divorce faces the same question: whether the unique nature of certain components of a personal injury claim constitute a relevant factor under sec. 767.255(12) warranting alteration of the presumption of equal distribution.

Elementary considerations of fairness and certainty require us to give guidance to the circuit court in applying sec. 767.255 to the distribution of a personal injury claim. To ignore this court's institutional responsibility to provide guidance in this situation might lead to the question of the distribution of a personal injury claim being answered differently in different courts throughout the state.

We conclude that when a personal injury claim has at the time of divorce not resulted in either a judgment or a settlement, the unique nature of a personal injury claim constitutes a relevant factor

that warrants the alteration of the statutory presumption of equal distribution. Sec. 767.255 (12). As the *Amato* court and others have noted, compensation for loss of bodily function, for pain and suffering and for future earnings replaces what was lost due to a personal injury. Just as each spouse is entitled to leave the marriage with his or her body, so the presumption should be that each spouse is entitled to leave the marriage with that which is designed to replace or compensate for a healthy body. We therefore conclude that the statutory presumption of equal distribution should be altered with respect to certain components of a personal injury claim. Instead of presuming equal distribution of a personal injury claim, the court should presume that the injured party is entitled to all of the compensation for pain, suffering, bodily injury and future earnings. With regard to other components of a personal injury claim, such as those that compensate for medical or other expenses and lost earnings incurred during the marriage, the court should presume equal distribution.

The presumption we announce regarding division of a personal injury claim does not take away the flexibility a court needs to make an equitable property division. Flexibility is preserved because the court may alter the presumed distribution after considering the special circumstances of the personal injury claim in that case and of the parties under the statutory factors listed in sec. 767.255.

For the reasons set forth, we affirm the decision of the court of appeals; we reverse that portion of the judgment of the circuit court relating to the distribution of the personal injury claim and remand the cause for further proceedings consistent with this opinion.

*By the Court.*—The decision of the court of appeals is affirmed; the judgment of the circuit court is reversed; the cause is remanded to the circuit court.