IN RE the MARRIAGE OF: Karen A. KREBS,
Petitioner-Appellant,

v.

Edward T. KREBS, Respondent-Petitioner.

Supreme Court

*No. 87-0110. Argued January 3, 1989.—Decided February 13, 1989.*

(Also reported in 435 N.W.2d 240.)

For the respondent-petitioner there were briefs by *John H. Short* and *Vance, Wilcox, Short & Ristow, S.C.,* Fort Atkinson, and oral argument by *John H. Short.*

For the petitioner-appellant there was a brief by *Russell W. Devitt* and *Soffa & Devitt,* Whitewater, and oral argument by *Russell W. Devitt.*

STEINMETZ, J. The issue in this case is whether in a divorce action, when dividing the proceeds of a personal injury claim involving a structured settlement, a circuit court shall presume that the injured spouse is entitled to the entire amount recovered for the loss of bodily function, pain and suffering. Without the benefit of the holding in *Marriage of Richardson v. Richardson,* 139 Wis. 2d 778, 407 N.W.2d 231 (1987), the Jefferson county circuit court, Judge John B. Danforth, held that the proceeds of the settlement were subject to the presumption of equal division between the parties. Sec. 767.255, Stats.

Relying on *Richardson,* the court of appeals, in an unpublished decision, reversed and remanded the case for application of a presumption that the injured spouse is entitled to the proceeds of the settlement. We agree with the decision of the court of appeals.

Edward and Karen Krebs married in 1981. In 1982, Karen was injured in an automobile accident involving an uninsured motorist. In December, 1983, Karen and Edward entered a structured settlement agreement with their insurance carrier calling for immediate payments of $1,000 to Edward, $24,000 to Karen, and $2,000 payable to both under a medical payments provision, and payments to Karen of $200 per month for five years starting February 1, 1984, $300 per month for

five years starting February 1, 1989, and $546 per month for life beginning February 1, 1994, with payments for 30 years certain after February 1, 1994. If Karen died within 30 years of February 1, 1994, payments were to be made to Edward as her primary beneficiary with their children as secondary beneficiaries.

This divorce action was commenced in the Jefferson county circuit court on September 13, 1985. On October 14, 1986, after a trial to the court, the parties were granted a judgment of divorce. At the time of the trial, the parties stipulated that the present value of the unpaid payments of the settlement was $63,211. The remainder of the net divisible property was approximately $30,000. The parties agreed to an in-kind property division and agreed to divide the marital estate equally but for the personal injury structured settlement.

The trial court found that the insurance policy which led to the structured settlement was purchased during the marriage of the parties and the premiums were paid with marital funds. Until the parties separated, Edward and Karen deposited all settlement proceeds in their joint account and used the payments for marital purposes.

Karen offered no evidence of loss of bodily function or earning capacity. She did testify that a periodic numbness in her arms persisted to the date of the trial and that she was told that glass had to be taken out of her arm in the future. The trial court found Karen's injuries which led to the settlement were permanent but cosmetic involving scarring to her left arm and legs. The trial court also found that Karen had no loss of bodily function or loss of earning capacity.

According to the structured settlement agreed to by the parties, a portion of the settlement was represented by an annuity payable to Karen with Edward retaining a survivorship interest in the annuity. In dividing the settlement proceeds, the trial court considered the source of the payments and the fact that Karen was the injured party.

The trial court recognized the presumption of equal division of marital property. Sec. 767.255, Stats. The trial court then concluded that the proceeds of the settlement stemming from the uninsured motorist policy were divisible property and therefore subject to the presumption of equal division. However, because Karen suffered some residual effects of the accident, the trial court departed from the equal division and divided the post-divorce installments 70 percent to Karen and 30 percent to Edward.

On January 15, 1987, Karen Krebs appealed the trial court's judgment. On May 21, 1987, the last brief was filed in the court of appeals. On June 17, 1987, this court mandated the *Richardson* opinion. The court of appeals reversed the trial court relying on *Richardson.*

Edward Krebs argues there is a presumption of equal division attached to the future payments coming from the structured settlement for various reasons: (1) the structured settlement is a joint survivorship annuity; (2) the uninsurance coverage was acquired with marital funds; or (3) prior to their divorce, the payments were treated as joint marital funds, used for marital purposes, and it follows that the presumption of equal division should attach to post-divorce payments. These arguments ignore the development of Wisconsin divorce law insofar as the principles of equitable distribution are concerned.

■

Upon divorce, a trial court exercises its discretion in the division of the property. Sec. 767.01, Stats. *In Matter of Marriage of Jasper v. Jasper,* 107 Wis. 2d 59, 63–64, 318 N.W.2d 792 (1982); *Wilberscheid v. Wilberscheid,* 77 Wis. 2d 40, 44, 252 N.W.2d 76 (1977). In order to sustain a discretionary act, this court must find that: (1) the trial court examined the relevant facts; (2) applied the appropriate law; and (3) demonstrated a rational process in reaching a conclusion that a reasonable judge could reach. *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982), citing *Miller v. Belanger,* 275 Wis. 187, 81 N.W.2d 545 (1957); *Estate v. Baumgarten,* 12 Wis. 2d 212, 107 N.W.2d 169 (1961). Accordingly, "discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law." *Hartung v. Hartung,* 102 Wis. ·2d 58, 66, 306 N.W.2d 16 (1981).

■

We conclude that the circuit court erred in applying the presumption of equal division to the unpaid portion of the structured settlement. We hold that in ordering a divorce, the circuit court should begin with a presumption that the injured person is entitled to the structured settlement amounts which are not specifically allocated. Because the circuit court based the property division on an error of law, we conclude that the circuit court's division of the future payments constitutes an abuse of discretion and must be reversed. The court of appeals is affirmed.

In *Richardson,* 139 Wis. 2d at 785, this court stated:

> Elementary considerations of fairness and certainty require us to give guidance to the circuit court

. in applying sec. 767.255 to the distribution of a personal injury claim. To ignore this court's institutional responsibility to provide guidance in this situation might lead to the question of the distribution of a personal injury claim being answered differently in different courts throughout the state.

*Richardson* involved a personal injury claim that at the time of divorce had resulted in neither a judgment nor settlement. The court stated under those circumstances:

[T]he unique nature of a personal injury claim constitutes a relevant factor that warrants the alteration of the statutory presumption of equal distribution. Sec. 767.255(12). As the *Amato* [*Amato v. Amato*, 180 N.J. Super. 210, 434 A.2d 639 (1981)] court and others have noted, compensation for loss of bodily function, for pain and suffering and for future earnings replaces what was lost due to a personal injury. Just as each spouse is entitled to leave the marriage with his or her body, so the presumption should be that each spouse is entitled to leave the marriage with that which is designed to replace or compensate for a healthy body. We therefore conclude that the statutory presumption of equal distribution should be altered with respect to certain components of a personal injury claim. Instead of presuming equal distribution of a personal injury claim, the court should presume that the injured party is entitled to all of the compensation for pain, suffering, bodily injury and future earnings. With regard to other components of a personal injury claim, such as those that compensate for medical or other expenses and lost earnings incurred during the marriage, the court should presume equal distribution.

*Id.* at 785–86.

In the instant case, the structured settlement provided immediate payments of sums certain to Karen and Edward Krebs. When these sums were received, Karen and Edward were still married. Therefore, the sums were treated as joint marital assets and used for marital purposes. This appeal does not concern those sums. However, as to the remaining payments to be received in the future, the structured settlement did not identify what portion of the future payments was to compensate for pain, suffering, bodily injury, future earnings, past medical and other expenses or lost earnings during the marriage. In spite of the lack of identification of separate amounts making up the structured settlement, we believe that the logic of *Richardson* applies and the trial court should employ the presumption that the injured person, Karen Krebs, is entitled to the remainder of the settlement.

As was stated in *Amato:*

> Nothing is more personal than the entirely subjective sensation of agonizing pain, mental anguish, embarrassment because of scarring or disfigurement, and outrage attending severe bodily injury. Mental injury, as well, has many of these characteristics. Equally personal are the effects of even mild or moderately severe injury. None of these, including the frustrations of diminution or loss of normal body functions or movements, can be sensed, or need they be borne by anyone but the injured spouse. Why, then, should the law, seeking to be equitable, coin these factors into money to even partially benefit the uninjured and estranged spouse? In such case the law would literally heap insult upon injury. The uninjured spouse has his or her separate and equally personal right to an action for loss of consortium. Just as there is no equitable reason for that spouse to profit from his or her ex-

mate's recompense for suffering, there is no justification for allocation of a share in the right to loss of consortium. The only damages truly shared are those discussed earlier, the diminution of the marital estate by loss of past wages or expenditure of money for medical expenses. Any other apportionment is unfair distribution.

*Amato,* 180 N.J. Super. at 218–19, 434 A. 2d at 643.

Given the facts of this case, equity requires that there be a presumption that Karen Krebs, as the injured person, is entitled to the compensation to be received in the future. However, the trial court must then apply the factors set out in sec. 767.255, Stats.

While there is a presumption that Karen Krebs is entitled exclusively to all remaining payments under the structured settlement,[1] they are still subject to the relevant factors under sec. 767.255, Stats.

As the court stated in *Richardson:*

> The presumption we announce regarding division of a personal injury claim does not take away the flexibility a court needs to make an equitable property division. Flexibility is preserved because the court may alter the presumed distribution after considering the special circumstances of the personal injury claim in that case and of the parties under the statutory factors listed in sec. 767.255.

*Id.* at 786.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[1]In this case, the injury consisted of scarring and disfigurement which is particularly a concern of Karen Krebs. It appears Edward Krebs, as an ex-spouse, will not be affected in the future by these injuries to Karen Krebs.