## 23915

Russell O'Neal MARSH, Petitioner v. Patsy Wright MARSH, Respondent.

(437 S.E. (2d) 34)

Supreme Court

*Thomas M. White*, of *Steinberg, Spitz, Goldberg, Pearlman, Holmes, White & O'Neill*, Goose Creek, *for petitioner*.

*Frederick H. Brown*, James Island, *for respondent*.

Heard May 19, 1993.

Decided Aug. 9, 1993.

TOAL, Justice:

The issue presented in this domestic action is whether proceeds of a personal injury settlement acquired during the marriage are entirely marital property subject to the family court's jurisdiction. We hold under our equitable distribution statute that these proceeds constitute marital property, and therefore, affirm the family court's order equitably dividing these proceeds.

### FACTS

In 1984, Mr. Marsh (hereinafter "Husband") was injured in a work-related automobile accident. In 1989, Husband re-

ceived a $325,000 settlement from the Highway Department as compensation for his 1984 injury. Mrs. Marsh (hereinafter "Wife") brought an action against her attorney alleging negligence in the failure to pursue a loss of consortium claim on her behalf. Wife's case was settled in 1990 for $10,000.

The domestic action was commenced in the family court in April 1990. Both parties sought a divorce based on the ground of a one-year separation and the equitable distribution of the marital assets. The family court found both parties' settlement recoveries to be marital property and awarded Wife twenty percent of Husband's settlement and Husband twenty percent of Wife's settlement.[1] Husband appealed. The Court of Appeals affirmed the award. *Marsh v. Marsh*, — S.C. —, 417 S.E. (2d) 638 (Ct. App. 1992). Husband petitioned for certiorari to this Court, maintaining the Court of Appeals erred in its determination that the personal injury settlement proceeds were marital property. According to Husband, the proceeds are not marital property because the settlement included compensation for pain and suffering as well as compensation for loss of future post-divorce income. We granted the petition for certiorari and now affirm the Court of Appeals.

## LAW/ANALYSIS

There are three approaches to classifying personal injury awards or settlements for the purpose of distribution in a divorce proceeding. The first approach is to classify any personal injury award or settlement as personal, and therefore entirely the separate property of the injured spouse. *Unkle v. Unkle*, 305 Md. 587, 505 A. (2d) 849 (1986) (inchoate personal injury claim); *Gloria B.S. v. Richard G.S.*, 458 A. (2d) 707 (Del. Fam. Ct. 1982); *Izatt v. Izatt*, 627 P. (2d) 49 (Utah 1981).

The second approach, often referred to as the analytic approach, involves an evaluation of the purpose of the compensation in the determination of the character of the award or settlement as marital or personal. *Johnson v. Johnson*, 317 N.C. 437, 346 S.E. (2d) 430 (1986). Applying the analytic approach, compensation for pain and suffering is personal. *Id.* Compensation for loss of wages and medical expenses incurred during the marriage is marital but compensation for

---

[1] Wife does not appeal the award of a portion of her settlement to Husband.

future economic losses nonmarital. *Id.* The analytic approach is the overwhelming rule in community property states and it has been applied in a growing number of equitable distribution states. *Mistler v. Mistler,* 816 S.W. (2d) 241 (Mo. App. 1991); *Hardy v. Hardy,* 186 W.Va. 496, 413 S.E. (2d) 151 (1991); *Crocker v. Crocker,* 824 P. (2d) 1117 (Okl. 1991) (workers' compensation benefits); *Johnson, supra; Kirk v. Kirk,* 577 A. (2d) 976 (R.I. 1990); *Bandow v. Bandow,* 794 P. (2d) 1346 (Alaska 1990); *Ward v. Ward,* 453 N.W. (2d) 729 (Minn. Ct. App. 1990); *Weisfeld v. Weisfeld,* 545 So. (2d) 1341 (Fla. 1989) (workers' compensation benefits); *Landwehr v. Landwehr,* 111 N.J. 491, 545 A. (2d) 738 (1988); *Campbell v. Campbell,* 255 Ga. 461, 339 S.E. (2d) 591 (1986); *Rich v. Rich,* 126 Misc. (2d) 536, 483 N.Y.S. (2d) 150 (Sup. Ct. 1984); *In re Marriage of Blankenship,* 210 Mont. 31, 682 P. (2d) 1354 (1984) (workers' compensation benefits).

The third approach has been referred to as the literal or mechanistic approach. Under this approach, if the award or settlement is acquired during the marriage, it is deemed marital property regardless of the underlying purpose of the award or the loss it is meant to replace. *See Dalessio v. Dalessio,* 409 Mass. 821, 570 N.E. (2d) 139 (1991); *Boyce v. Boyce,* 541 A. (2d) 614 (D.C. App. 1988); *Matter of Marriage of Powell,* 13 Kan. App. (2d) 174, 766 P. (2d) 827 (1988); *In re Marriage of McNerney,* 417 N.W. (2d) 205 (Iowa 1987); *In re Fjeldheim,* 676 P. (2d) 1234 (Colo. Ct. App. 1983); *Gan v. Gan,* 83 Ill. App. (3d) 265, 38 Ill. Dec. 882, 404 N.E. (2d) 306 (1980); *Raccio v. Raccio,* 41 Conn. Supp. 115, 556 A. (2d) 639 (1987); *Maricle v. Maricle,* 221 Neb. 552, 378 N.W. (2d) 855 (1985); *Heilman v. Heilman,* 95 Mich. App. 728, 291 N.W. (2d) 183 (1980); *Platek v. Platek,* 309 Pa. Super. 15, 454 A. (2d) 1059 (1982); *Bero v. Bero,* 134 Vt. 533, 367 A. (2d) 165 (1976).

In *Orszula v. Orszula,* 292 S.C. 264, 356 S.E. (2d) 114 (1987), this Court held a workers' compensation award acquired during the marriage was marital property. Our holding in *Orszula* was based on our equitable distribution statute which provides all property acquired during the marriage is marital unless it falls within one of the specifically delineated exceptions. S.C. Code Ann. § 20-7-473 (Supp. 1992). We recognize other states with similar statutes have nevertheless applied the analytic approach. *See, e.g., Johnson, supra; Mistler,*

*supra; Hardy, supra.* However, we remain unpersuaded.

As noted by other courts, the terms mechanistic and analytic are misleading. *McNerney, supra.* The determination of whether property is marital or nonmarital is but the first step in the process of equitably dividing the assets of parties in a divorce action. Once the value and the status of the various assets as marital or nonmarital have been determined, the family court must then consider a host of factors relevant to the equitable division of the property deemed marital. S.C. Code Ann. § 20-7-472 (Supp. 1992) (codification of the factors previous applied by common law). These factors include the contributions of each spouse to the acquisition of the property, earning potential of both spouses, the health—both physical and emotional—of each spouse, among any other relevant factors. *Id.* § 20-7-472(3)(4)(5)(15). Accordingly, recognition of the award or settlement as marital property does not mean the proceeds of the award must be divided and a portion awarded to the noninjured spouse. To the contrary; the family court may, and in many cases probably should, award the proceeds entirely to the injured spouse. *Accord In re Marriage of Burt,* 114 Ill. App. (3d) 177, 98 Ill. Dec. 746, 494 N.E. (2d) 868 (1986); *Richardson v. Richardson,* 139 Wis. (2d) 778, 407 N.W. (2d) 231 (1987). We emphasize the family court is not required to divide all marital property between the spouses based on the same percentage of division. For example, the court could divide the general marital property equally between the two but award the personal injury compensation entirely to the injured spouse.

While nonmarital property is to be considered in the equitable division of marital property, the family court does not have jurisdiction to apportion nonmarital property. S.C. Code Ann. §§ 20-7-472 & 473 (Supp. 1992). Classifying the property as marital merely gives the family court the authority to divide the award as the equities presented in the particular case may require. For example, the award or settlement may be the only asset of the marriage. The injured spouse who has collected against his or her tortfeasor or another liable party may be in better health and financial status than the other spouse who may have no responsible party from whom to collect. *See Raccio, supra* (wife who failed to pursue personal injury claim based on husband's assurance that he would pro-

vide for her was held to be entitled to a portion of his unrelated personal injury claim). *See also Van de Loo v. Van de Loo*, 346 N.W. (2d) 173 (Minn. Ct. App. 1984) (held money obtained for personal injuries is nonmarital property, but nevertheless affirmed an apportionment of the assets purchased with the proceeds, as the failure to divide the property would have constituted an unfair hardship). Stretching the plain language of our statute which defines marital property to exclude personal injury awards and settlements, as other courts have done, would merely render the family court unable to award the portion of the proceeds which is deemed post-divorce economic loss or personal to the noninjured spouse. Therefore, applying the so-called analytic approach under our equitable division law would result in a more mechanical and rigid distribution than an application of the so-called mechanistic approach.

Our well-developed statutory and common law of equitable distribution is premised on providing the family court the flexibility to view each case based on the individual circumstances peculiar to the parties involved and to fashion a division of the parties' assets in a manner that is uniquely fair to the parties concerned. We find the analytic approach would frustrate this policy. Accordingly, we hold proceeds of a personal injury settlement acquired during the marriage are marital property subject to the family court's jurisdiction. To the extent that *Mears v. Mears*, 305 S.C. 150, 406 S.E. (2d) 376 (Ct. App. 1991) is inconsistent with this opinion, it is OVERRULED.[2]

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.

---

[2] In *Mears*, the family court found an employment claim unliquidated at the time of the divorce was not marital property. Our Court of Appeals reversed the family court, finding the claim was acquired during the marriage and thus marital property. *Id.* We affirmed in *Mears v. Mears*, — S.C. —, 417 S.E. (2d) 574 (1992). The Court of Appeals, however, remanded the case back to the family court instructing it to determine what portion of the settlement was marital. It is this portion of the opinion which we now overrule. The family court should have been instructed to determine the proper equitable division of this asset, taking into consideration all the applicable factors. S.C. Code Ann. § 20-7-473 (Supp. 1992).