THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Isaac Frank McCormick,       
Respondent,
 
 
 

v.

 
 
 
Edna C. McCormick,       
Appellant.
 
 
 

Appeal From Horry County
Tommy B. Edwards, Family Court Judge

Unpublished Opinion No.  2003-UP-412
Submitted June 9, 2003 - Filed June 
 18, 2003 

AFFIRMED

 
 
 
J. Michael Taylor, of Columbia; for appellant.
Anita Ruth Floyd, of Conway; for respondent.
 
 
 

PER CURIAM:  The parties obtained a divorce 
 in May 2001.  Edna C. McCormick, the wife, appeals several aspects of the family 
 courts final order.  The issues on appeal include identification and valuation 
 of marital property, child support, alimony, and attorney fees.  
We affirm [1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
 Issue 1:  S.C. Code Ann. § 20-7-472 (Supp. 2002) (requiring the family 
 court to give weight in such proportion as it finds appropriate to all of 
 fifteen factors enumerated in the provision); Marsh v. Marsh, 313 S.C. 
 42, 46, 437 S.E.2d 34, 36 (holding proceeds of a personal injury settlement 
 acquired during the marriage are marital property subject to the family courts 
 jurisdiction), affd, 313 S.C. 42, 437 S.E.2d 34 (1993); Peterkin 
 v. Peterkin, 293 S.C. 311, 360 S.E.2d 311 (1987) (stating transmutation 
 may occur when nonmarital property is used in such a manner as to show the parties 
 intended to make it marital property); Johnson v. Johnson, 296 S.C. 289, 
 372 S.E.2d 107 (Ct. App. 1988) (holding that, on appeal, this court looks to 
 the overall fairness of the apportionment); Bungener v. Bungener, 291 
 S.C. 247, 353 S.E.2d 147 (Ct. App. 1987) (holding the apportionment of marital 
 property will not be disturbed on appeal absent an abuse of discretion); Issue 
 2:  Mitchell v. Mitchell, 283 S.C. 87, 320 S.E.2d 706 (1984) (holding 
 child support awards are addressed to the sound discretion of the family court); 
 Engle v. Engle, 343 S.C. 444, 449, 539 S.E.2d 712, 714 (Ct. App. 2000) 
 (Where a parent voluntarily lessens his or her earning capacity, this Court 
 will closely scrutinize the facts to determine the parents earning potential, 
 rather than the parents actual income.); Issue 3:  S.C. Code Ann. § 
 20-3-130(C) (1985 & Supp. 2002) (listing factors for the family court to 
 consider in determining an alimony award); Allen v. Allen, 347 S.C. 177, 
 554 S.E.2d 421 (Ct. App. 2001) (noting an award of alimony rests within the 
 sound discretion of the family court); Issue 4:  E.D.M. v. T.A.M., 
 307 S.C. 471, 415 S.E.2d 812 (1992) (enumerating factors to be considered by 
 the family court in awarding attorney fees); Stevenson v. Stevenson, 
 295 S.C. 412, 368 S.E.2d 901 (1988) (holding an award of attorney fees will 
 not be overturned absent an abuse of discretion).   
AFFIRMED.
GOOLSBY and HOWARD, JJ., and BEATTY, A.J., concur.

 
 
 [1]   Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.