THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ellen Carver
 Brown, Respondent,
 v.
 Marion Junior
 Brown, Appellant.
 
 
 

Appeal From Chesterfield County
 Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2009-UP-384
Submitted May 1, 2009  Filed July 6, 2009   

AFFIRMED

 
 
 
 James C. Cox and Terence A. Quinn, both of Hartsville, for
 Appellant.
 Jack E. Cohoon, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Marion Junior Brown (Husband) argues the family court
 erred in: (1) misapprehending the parties' agreement that provided he would
 transfer his interest in certain property to his sons, Douglas and Cory; (2) allowing
 either Husband or Ellen Carver Brown (Wife) to purchase the other's interest in
 the marital home for $12,500, upon forty-five days notice; and (3) in awarding
 Wife $18,571.70 of Husband's workers' compensation settlement.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  Ex parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649,
 652 (2006) ("In appeals from the family court, the appellate court
 has the authority to find the facts in accordance with its own view of the
 preponderance of the evidence."); Wooten v. Wooten, 364 S.C. 532,
 540, 615 S.E.2d 98, 102 (2005) ("However, this broad scope of review
 does not require the appellate court to disregard the findings of the family
 court."); Latimer v. Farmer, 360 S.C. 375, 380, 602 S.E.2d 32,
 34 (2004) ("Neither is the appellate court required to ignore the
 fact that the trial judge, who saw and heard the witnesses, was in a better
 position to evaluate their credibility and assign comparative weight to their
 testimony."); Grant v. S.C. Coastal Council, 319 S.C. 348, 355-56,
 461 S.E.2d 388, 392 (1995) (finding alleged inaccuracies in an order are not
 preserved for appeal where no post-trial motion was filed raising such an
 issue); Woodward v. Woodward, 294 S.C. 210, 215, 363
 S.E.2d 413, 416 (Ct. App. 1987) (holding the family court's valuation of
 property should be affirmed where it is within the range of evidence); Marsh
 v. Marsh, 313 S.C. 42, 44, 437 S.E.2d 34, 35 (1993) (stating that in cases
 dealing with the distribution of a workers' compensation settlement, the proper
 inquiry is whether the property in question was acquired during the marriage,
 and if so, whether the property falls into a statutory exception of the
 equitable distribution statute).
AFFIRMED.[1]
HEARN, C.J., and THOMAS, J., and KONDUROS,
 J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.