THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Fannie Mason, Respondent,
v.
Jerry Mason, Appellant.
 
 
 

Appeal From Marion County
Timothy H. Pogue, Family Court Judge

Unpublished Opinion No.  2011-UP-548
Submitted December 1, 2011  Filed
 December 6, 2011 

AFFIRMED

 
 
 
Thurmond  Brooker, of Florence, for Appellant.
Nancy H. Bailey, of Florence, for Respondent.
 
 
 

PER CURIAM: Jerry Mason (Husband) appeals the family court's order awarding Fannie
 Mason (Wife) seventy-five percent of her
 state retirement account and $1,319.27 in attorney's fees.  On appeal, Husband
 argues the family court abused its
 discretion in: (1) awarding him only twenty-five percent of Wife's state
 retirement account; (2) declining to award him alimony; (3) awarding Wife $1,319.27
 in attorney's fees; and (4) finding the 2005 Cadillac and the 2000 Denali were
 not marital property.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1.  As to whether the
 family court abused its discretion in
 awarding Husband only twenty-five percent of Wife's monthly retirement pension: Doe v. Doe, 370 S.C. 206, 213, 634 S.E.2d 51, 55 (Ct. App. 2006) ("The division of marital property is in the family court's
 discretion and will not be disturbed absent an abuse of that discretion."); Deidun v. Deidun,  362 S.C. 47, 58, 606 S.E.2d 489,
 495 (Ct. App. 2004) ("On appeal, this court looks to the overall
 fairness of the apportionment."); Morris v.
 Morris,  335 S.C. 525, 531, 517
 S.E.2d 720, 723 (Ct. App. 1999) ("The
 doctrine of equitable distribution is based on a recognition that marriage is,
 among other things, an economic partnership . . . Upon dissolution of the
 marriage, marital property should be divided and distributed in a manner which
 fairly reflects each spouse's contribution to its acquisition, regardless of
 who holds legal title." (citation
 and quotation marks omitted)); Marsh
 v. Marsh,  313 S.C. 42, 45, 437 S.E.2d 34, 36 (1993) (finding the
 family court "is not required to divide all marital property between the
 spouses based on the same percentage of division"); S.C. Code Ann. § 20-3-620
 (Supp. 2010) (identifying fifteen factors for the court to consider in
 equitably apportioning a marital estate).  
2.  As to whether the family
 court abused its discretion in not awarding Husband alimony: Browder v. Browder, 382 S.C. 512, 518-19, 675 S.E.2d 820, 823 (Ct. App.
 2009) ("An award of alimony rests within
 the sound discretion of the family court and will not be disturbed absent an
 abuse of discretion. . . . An abuse of discretion occurs if the court's ruling
 is controlled by an error of law or if the ruling is based upon findings of
 fact that are without evidentiary support."); id. at 519, 675 S.E.2d at 823 ("The objective of
 alimony should be to insure that the parties separate on as equal a basis as
 possible. . . . Thus, [i]t is the duty of the family court to make an alimony
 award that is fit, equitable, and just if the claim is well founded." (internal quotation marks and citation omitted)
 (alteration by court)); S.C. Code Ann. § 20-3-130(C) (Supp. 2010) (providing
 the thirteen factors for consideration in awarding alimony).
3.  As to whether the family court
 abused its discretion in awarding Wife attorney's fees: Davis v. Davis, 372 S.C. 64, 88, 641 S.E.2d 446, 458 (Ct. App. 2006) ("An
 award of attorney's fees lies within the sound discretion of the family court
 and will not be disturbed on appeal absent an abuse of discretion."); E.D.M.
 v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In
 determining whether an attorney's fee should be awarded, the following factors
 should be considered: (1) the party's
 ability to pay his/her own attorney's fee; (2) beneficial results obtained by
 the attorney; (3) the parties' respective
 financial conditions; and (4) effect of the attorney's fee on each party's
 standard of living."); Glasscock v. Glasscock, 304 S.C. 158, 161,
 403 S.E.2d 313, 315 (1991) ("[T]he six factors . . . in determining a
 reasonable attorney's fee:  (1) the
 nature, extent, and difficulty of the case; (2) the time necessarily devoted to
 the case; (3) professional standing of counsel; (4) contingency of
 compensation; (5) beneficial results obtained; [and] (6) customary legal
 fees for similar services.").  
4.  As to whether the family court
 abused its discretion in determining the Cadillac and Denali were not marital
 property: S.C. Code Ann. § 20-3-630(A) (Supp. 2010) (defining marital property
 as "all real and personal property which has been acquired by the parties
 during the marriage and which is owned as of the date of filing or commencement
 of marital litigation as provided in Section 20-3-620 regardless of how legal
 title is held"); Pruitt v. Pruitt, 389 S.C. 250, 261, 697 S.E.2d
 702, 708 (Ct. App. 2010) ("The spouse claiming an equitable interest
 in property upon dissolution of the marriage has the burden of proving the
 property is part of the marital estate."  (citation and quotation marks
 omitted)); Brown v. Brown, 379 S.C. 271, 283-84, 665 S.E.2d 174,
 181 (Ct. App. 2008) (finding the family court erred in finding Husband's
 guns were marital property because Wife failed to present sufficient evidence
 that they were marital property).  
AFFIRMED.
FEW, C.J., THOMAS and KONDUROS, JJ. concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.