**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Debra L. Holliday, Respondent,

v.

Bobby R. Holliday, Appellant.

Appellate Case No. 2019-001283

―――――――――――

Appeal From Clarendon County
Gordon B. Jenkinson, Family Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-240
Submitted April 1, 2022 – Filed June 8, 2022

―――――――――――

**AFFIRMED**

―――――――――――

John Stephen Keffer, of Young, Keffer & Donnald, PA, of Sumter, and William H. Johnson, of Johnson, DuRant & Nester, LLC, of Manning, both for Appellant.

William Ceth Land, of Land Parker Welch LLC, of Manning, for Respondent.

―――――――――――

**PER CURIAM:** Bobby R. Holliday (Husband) appeals the family court's order, arguing the family court erred in awarding Debra L. Holliday (Wife) a greater percentage of proceeds from a personal injury action settlement and in failing to

award him attorney's fees and costs. Based on our de novo review, we affirm pursuant to Rule 220(b), SCACR.

1. The family court did not err in awarding Husband thirty-three percent of the personal injury action settlement. *See Marsh v. Marsh*, 313 S.C. 42, 46, 437 S.E.2d 34, 36 (1993) ("[P]roceeds of a personal injury settlement acquired during the marriage are marital property subject to the family court's jurisdiction."); *id.* at 45, 437 S.E.2d at 36 ("[R]ecognition of the award or settlement as marital property does not mean the proceeds of the award must be divided and a portion awarded to the non-injured spouse. To the contrary; the family court may, and in many cases probably should, award the proceeds entirely to the injured spouse."); *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019) ("[T]he appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence."); *id.* ("However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."); *id.* at 611-12, 837 S.E.2d at 232 ("[T]he appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings.").

2. The family court did not err in failing to award Husband attorney's fees and costs. Husband's argument that he was entitled to an award of fees and costs because he incurred extra attorney's fees and costs due to Wife's incorrect valuations of the marital property is not preserved for appellate review because this argument was not raised to and ruled upon by the family court. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review."). Further, considering the evidence in the record, we hold Husband failed to meet his burden in proving the family court erred in ordering the parties to pay their own fees and costs. *See Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (stating the appellate court "reviews a family court's award of attorney's fees de novo"); *Tomlinson*, 428 at 611-12, 837 S.E.2d at 232 ("[T]he appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (stating that when deciding whether to award attorney's fees, the family court considers the following factors: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the

attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.